OPINION
{¶ 1} Appellant Anita Cunningham ("grandmother") appeals the January 21, 2003 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, which denied her motion to intervene. Appellee is the Stark County Department of Job and Family Services ("the agency").
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 15, 2002, the agency filed a complaint in the Stark County Court of Common Pleas, Juvenile Division, alleging Tyler and Jordon Cunningham were dependent and neglected children, and seeking temporary custody of the children.[1]On July 11, 2002, father Justin Cunningham and mother Amy Williams[2] stipulated Tyler and Jordon were dependent children. The trial court continued temporary custody with the agency. Between April 25, 2002, and July 8, 2002, the agency filed three case plans for father and mother, documenting the concerns at issue and advising father and mother of the services the parents needed to address the concerns.
 {¶ 3} On November 8, 2002, the agency filed a Motion For Permanent Custody. The trial court scheduled a hearing on the motion for January 21, 2003. Prior to that date, the trial court conducted an annual review of the matter. The trial court found the agency had used reasonable efforts to finalize the permanency plan in effect, and did not find compelling reasons to preclude the agency's request for permanent custody.
 {¶ 4} On December 24, 2002, father filed a Motion for Change of Legal Custody, requesting the trial court grant legal custody of Tyler and Jordon to grandmother in the event the children are not returned to father. Subsequently, grandmother filed motions to intervene, for custody, and for order of temporary placement, as well as an affidavit in support of the aforementioned motions.
 {¶ 5} The trial court continued the hearing on the agency's motion for permanent custody and scheduled all other pending motions for January 22, 2003. Via Judgment Entry filed January 21, 2003, the trial court denied grandmother's motion to intervene. Prior to the commencement of the permanent custody hearing, grandmother filed a notice of appeal with this court.
 {¶ 6} Father and mother objected to the trial court's proceeding with the hearing on the agency's motion for permanent custody, asserting grandmother's notice of appeal had divested the trial court of jurisdiction. The trial court overruled the objections and proceeded with the hearing.
 {¶ 7} Via Judgment Entry filed January 28, 2003, the trial court terminated father and mother's parental rights, privileges, and responsibilities, and granted permanent custody of Tyler and Jordon to the agency. It is from the trial court's January 21, 2003 Judgment Entry grandmother appeals, raising the following assignments of error:
 {¶ 8} "I. The trial court erred as a matter of law in exercising jurisdiction and proceeding with the permanent custody hearing after appellant paternal grandmother filed her notice of appeal of the trial court's order denying her motion to intervene.
 {¶ 9} The trial court abused its discretion in denying paternal grandmother's motion to intervene."
 {¶ 10} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
 {¶ 11} "(E) Determination and judgment on appeal.
 {¶ 12} "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 13} "The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 14} This appeal shall be considered in accordance with the aforementioned rule.
 I. {¶ 15} In her first assignment of error, grandmother asserts the trial court erred in exercising jurisdiction and proceeding with the permanent custody hearing after grandmother filed a notice of appeal of the trial court's January 21, 2003 Judgment Entry. For the reasons set forth in In re: Cunningham, Stark App. No. 2003CA00054, 2003-Ohio-2805, grandmother's first assignment of error is overruled. Because grandmother's notice of appeal did not constitute a final appealable order, the trial court was not divested of jurisdiction to proceed with the permanent custody heairng.
 II. {¶ 16} In her second assignment of error, grandmother challenges the trial court's denial of her motion to intervene.
 {¶ 17} A trial court's denial of a motion to intervene is reviewed under an abuse of discretion standard. Jamestown Village CondominiumOwners Assn. v. Market Media Research, Inc.(1994), 96 Ohio App.3d 678,694. An "abuse of discretion" connotes more than an error of law or judgment; it implies the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 18} Grandmother concedes her biological status as grandmother does not give her an automatic legally recognizable right of association with her grandchildren, however, she submits because she stood in loco parentis and assumed responsibilities for the care of the grandchildren, the trial court abused its discretion in denying her motion to intervene. Grandmother relies upon In re: Schmidt (1986),25 Ohio St.3d 331, in support of her position. Upon review of the record, we find the evidence does not substantiate grandmother's assertion. Grandmother testified father, mother, and the children lived with her at the time the agency became involved with the family. Although grandmother stated all of her belongings were at the residence, she conceded she only came to the home twice a week to visit and "make sure things were going smoothly." Tr. at 114. The record in this matter does not establish grandmother's role in the children's life rose to the level of in loco parentis. As such, we find the trial court did not abuse its discretion in denying grandmother's motion to intervene.
 {¶ 19} Grandmother's second assignment of error is overruled.
 {¶ 20} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
By: Hoffman, J., Gwin, P.J. and Edwards, J. concur.
[1] The agency originally filed a complaint in Case No. JU-120117, in December, 2001, alleging the children were dependent and neglected children, and seeking an order granting the agency protective supervision over the children. Under that case, the children were placed into the temporary custody of the agency on February 21, 2002. The agency voluntarily dismissed the action on April 15, 2002, due to its inability to bring the matter to trial within the statutorily mandated 90 day period.
[2] Father and mother are not parties to this appeal.